UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| ANAMARIA REYES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 9:21-cv-80818 |
| HUNTER WARFIELD, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes ANAMARIA REYES ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statute §559.55 for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Delray Beach, Florida, which is located within the Southern District of Florida.

5. Defendant "provides revenue recovery services" and "is known for [its] innovative technology" designed to "deliver the highest rate of recovery . . . ."[1] Defendant is a corporation organized under the laws of the State of Maryland with its principal place of business located at 4620 Woodland Corporate Boulevard, Tampa, Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a residential lease obligation ("subject consumer debt") that Plaintiff purportedly owes.

8. The subject consumer debt was originally owed to Coastal Village in the approximate amount of $10,156.22.

9. Upon information and belief, the subject consumer debt was transferred to Defendant for collection purposes after Plaintiff's purported default and assigned account number ***5488.

10. Plaintiff was a co-signor in connection with the subject debt.

11. Plaintiff noticed that Defendant was reporting the subject consumer debt on her credit report, so she first contacted Coastal Village.

---

[1] https://www.hunterwarfield.com/

12. After speaking with Coastal village, Plaintiff wanted to obtain validation of the debt, as she was unsure whether it was due and owing, and so submitted a request for validation.

13. In response, Coastal Village referred Plaintiff to Defendant.

14. Subsequently, Plaintiff contacted Defendant and requested validation of the subject consumer debt.

15. During the initial conversation with Defendant's representative, Plaintiff was treated rudely and was eventually hung-up on while attempting to receive validation of the subject consumer debt.

16. Plaintiff called back and spoke with a manager.

17. Plaintiff advised Defendant that the address they had associated with her was incorrect.

18. Plaintiff further requested validation regarding the subject debt.

19. Defendant advised that it would provide Plaintiff with the requested validation.

20. However, Plaintiff never received the promised validation of the subject consumer debt.

21. Despite Plaintiff's efforts, Defendant hasn't provided any kind of correspondence to her current address in connection with its efforts to collect the subject debt from Plaintiff.

22. Defendant's conduct has deprived Plaintiff of substantive information to which she is entitled, and further has caused Plaintiff to be denied the ability to intelligently chart a course of conduct in response to Defendant's collection efforts due to its depriving Plaintiff of vital information regarding its collection efforts.

23. Plaintiff's inability to ascertain the nature of her purported liability in connection with the subject debt has caused Plaintiff to suffer emotional distress as a result of Defendant's conduct.

24. Frustrated and confused over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights, resulting in expended resources.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, being denied substantive information to which she was lawfully entitled, risk that she would forego paying the subject consumer debt as a result of Defendant's conduct, risk that she would waive otherwise available dispute and validation rights as a result of Defendant's conduct, and numerous violations of her state and federally protected interests to be free from deceptive and harassing debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

31. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. Defendant violated §1692d when it harassingly hung up on Plaintiff during her first conversation with Defendant. Defendant's representative decided to treat Plaintiff rudely and hang-up on her simply because Plaintiff was requesting validation of the subject consumer debt. These actions by Defendant's representative was harassing and abusive towards Plaintiff after she requested validation of the subject consumer debt, as she was simply trying to ascertain her purported liability on the subject debt, yet Defendant harassingly chose to hang up instead.

    b.  **Violations of the FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject consumer debt. Defendant stated that it would provide Plaintiff with such validation at her updated address, yet Defendant failed to do so. Defendant was obligated to provide validation, which it didn't, and was certainly required to adhere to its representations made to Plaintiff, which it yet again failed to do. Defendant engaged in this deceptive conduct hoping that Plaintiff would be dissuaded from continuing her pursuit of validation and instead make payment to Defendant on a debt which Plaintiff was unsure was due and owing.

    c.  **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably failed to provide Plaintiff with validation of the subject consumer debt. Defendant, when it unfairly refused to provide Plaintiff with the requested validation. Defendant's refusal to provide this information unfairly and unconscionably deprived Plaintiff of vital information which would have allowed Plaintiff to go about intelligently addressing whether she has an actual obligation on the subject consumer debt. Defendant's collection efforts unfairly suggested that it was not required to validate the subject consumer debt at Plaintiff's requests, leaving Plaintiff confused, worried, and believing Defendant's efforts to be fraudulent. The fact Defendant refused to provide such information while simultaneously reporting the subject consumer debt on Plaintiff's credit report further underscores the unfair nature of its conduct.

### d. Violations of FDCPA § 1692g

37. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), requires debt collectors to provide consumers with various disclosures within 5 days of initially communicating with such consumers. 15 U.S.C. § 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

38. Defendant violated § 1692g(a) by failing to provide Plaintiff with the required disclosures within 5 days of initially communicating with Plaintiff. Defendant failed to send such disclosures in a manner reasonably calculated to be received by Plaintiff.

39. Defendant further violated § 1692g(b) through its conduct which was inconsistent with and overshadowed Plaintiff's disputed and validation rights. Defendant advised that it would provide such validation, yet it failed to do so. Such conduct thus overshadowed Plaintiff's otherwise available dispute and validation rights, as Defendant's representations that it would provide the

6

requested verification overshadowed Plaintiff's otherwise available avenues to request such documentation, in turn overshadowing her dispute and validation rights afforded under the FDCPA.

WHEREFORE, Plaintiff ANAMARIA REYES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

42. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

43. The subject consumer debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

**a. Violations of FCCPA § 559.72(7)**

44. A person violates section 559.72(7) of the FCCPA when it willfully engages in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

45. Defendant violated section 559.72(7) of the FCCPA when the representative spoke with Plaintiff in a rude manner and hung-up on Plaintiff without not satisfying her requests of validation of the subject consumer debt. This action by Defendant can reasonably be expected to harass another as Plaintiff was simply exercising a request given to her by right.

WHEREFORE, Plaintiff, ANAMARIA REYES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: May 6, 2021

Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120

alejandrof@sulaimanlaw.com